Lewis W. KUNIEGEL and Judith A. Kuniegel, Plaintiffs,

v.

ELGIN TECHNOLOGIES, INC. and Warren Power Systems, Inc., Defendants.

No. 00–98–P–C.

United States District Court, D. Maine.

Aug. 18, 2000.

*MEMORANDUM DECISION ON DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL*

COHEN, United States Magistrate Judge.

Defendants Elgin Technologies, Inc. ("Elgin") and Warren Power Systems, Inc. ("Warren") move for an order disqualifying the law firm of Bernstein, Shur, Sawyer & Nelson ("BSS & N") from representing plaintiffs Lewis W. Kuniegel and Judith A. Kuniegel (together, the "Kuniegels") in this case. Defendants' Motion To Disqualify the Law Firm of Bernstein, Shur, Sawyer & Nelson from Representing Plaintiffs in This Civil Action, etc. ("Motion") (Docket No. 8). For the reasons that follow, the Motion is denied.

## I. Analysis

■ Per Local Rule 83.3(d)(2), acts or omissions by an attorney admitted to practice before this court that violate the Code of Professional Responsibility adopted by this court—which is the Code of Professional Responsibility adopted by the Supreme Judicial Court of Maine as amended from time to time—"shall constitute misconduct and shall be grounds for discipline." A party seeking discipline in the form of disqualification of counsel bears the burden of proving that such a measure is warranted. *See, e.g., Starlight Sugar Inc. v. Soto,* 903 F.Supp. 261, 266 (D.Puerto Rico 1995).

■ Elgin and Warren predicate their motion for disqualification in the instant case on Maine Bar Rule 3.5(b)(1), which provides in its entirety:

> If a lawyer knows, or should know, that the lawyer or a lawyer in the lawyer's firm is likely or ought to be called as a witness in litigation concerning the subject matter of the lawyer's employment, the lawyer and the lawyer's firm shall withdraw from representation at the trial unless the court otherwise orders. This rule does not apply to situations in which the lawyer would not be precluded from accepting employment under Rule 3.4(g)(1)(ii).

Me. Bar R. 3.5(b)(1), *reprinted in* I Board of Overseers of the Bar, *Maine Manual on Professional Responsibility* ("*Manual*") 3-12 (Supp. ed.1999).[1] Rule 3.4(g)(1)(ii), in turn, states in its entirety: "A lawyer may commence representation in contemplated or pending litigation if another lawyer in the lawyer's firm is likely or ought to be called as a witness, unless such representation is precluded by subdivisions (b), (c), (d), (e), or (f) of this rule." Me. Bar R. 3.4(g)(1)(ii), *reprinted in* I *Manual* 3-10.

For purposes of the Motion, the parties do not dispute that:

1. John M.R. Paterson of BSS & N is lead trial counsel for the Kuniegels in this case. Motion at 2; Opposition at 1.

2. James A. Houle of BSS & N represented the Kuniegels with respect to the 1998 merger of Communication Service Company, a company formerly owned by the Kuniegels, into Elgin e[2], Inc., now known as Elgin. Motion at 1-2; Opposition at 1.

3. In this action the Kuniegels assert *inter alia* that Elgin made intentional and/or negligent misrepresentations in connection with the merger. Motion at 2-3; Opposition at 1.

4. Houle will be a witness in this action, both at deposition and at trial, concerning those alleged misrepresentations. Motion at 6; Opposition at 1.

5. Subdivisions (b), (c), (d), (e) and (f) of Rule 3.4 are inapplicable in this case. Motion at 7; *see generally* Opposition.

The Kuniegels argue, and I agree, that in these circumstances BSS & N transparently is permitted to continue its representation. Elgin and Warren argue strenuously that the language of Rules 3.5(b)(1) and 3.4(g)(1)(ii) is contradictory, with the latter swallowing up the former. *See* Motion at 7-10; Defendants' Reply Memorandum to Plaintiffs' Objection, etc. ("Reply") (Docket No. 16) at 5-6. They contend that the two seemingly clashing provisions can (and should) be made to harmonize by construing the carveout provision in Rule 3.5(b)(1) to mean: "This rule [3.5(b)(1)] does not apply to situations in which the lawyer would not be precluded from accepting employment under Rule 3.4(g)(1)(ii), *except for the situation described above i.e., where the lawyer or a lawyer in the lawyer's firm is likely or ought to be called as a witness in litigation concerning the subject matter of the lawyer's employment in this situation, the rule, not the exception, applies.* " Motion at 8-9 (emphasis in original).

---

1. According to the parties, Rule 3.5 was misprinted in the 1997 edition of *Maine Rules of Court,* which erroneously cross-referenced "Rule 3.4(g)(1)(i)" instead of Rule 3.4(g)(1)(ii). Motion at 7; Plaintiffs' Objection to Motion To Disqualify the Law Firm of Bernstein, Shur, Sawyer & Nelson from Representing Plaintiff[s] ("Opposition") (Docket No. 14) at 1-2. The parties agree, *see id.,* and my edition of the *Manual* reflects, that the correct cross-reference is to Rule 3.4(g)(1)(ii).

I decline this bold invitation to rewrite Rule 3.5(b)(1). First, the suggested gloss rests on a faulty premise: that there is a problem in need of fixing. Rule 3.4(g)(1)(ii) does not entirely swallow up Rule 3.5(b)(1). Rather, it defines certain circumstances in which a law firm would indeed be forced to discontinue a representation were one of its attorneys to serve as a witness in that matter. It just so happens that none of those enumerated exceptions applies in this case.

Second, a dictum of the Law Court suggests, albeit in the context of earlier versions of the rules at issue, that the perceived evil behind dual service as witness and counsel is that a juror might evaluate a counsel/witness's testimony differently from that of a typical witness:

> Although the State's motion characterized the problem of [attorney] Katz's possible role as a witness as a "conflict of interest," the rule preventing attorneys from acting as witnesses on behalf of their clients is not based on conflict of interest concerns, as a lawyer/witness testifying favorably to his client has no divided loyalty. Rather, a problem can arise because a jury, knowing that the witness is defendant's lawyer, may evaluate his testimony differently from the testimony of other witnesses.

*State v. Pokorny,* 458 A.2d 1212, 1215 n. 1 (Me.1983). This problem would seem to be adequately remedied as a general rule by barring the testifying attorney from continuing active representation of the client.

Third, and finally, the Professional Ethics Commission of the Maine Board of Overseers of the Bar ruled on facts similar to those of this case that a law firm was not disqualified from continuing to represent a client. *See* Professional Ethics Comm'n of the Board of Overseers of the Bar, Op. 162 (1998), attached as Exh. 6 to Motion. The inquiring attorney represented a client in a trespass case in which one issue to be decided was a determination of title. *Id.* at 1. The inquiring attorney had previously certified title to the disputed property. *Id.* Although he believed his previous certification probably was not relevant to the trespass case, he had been advised by opposing counsel that he would be deposed on the matter. *Id.* He

sought guidance as to whether he could continue to represent his client and whether, even if he were called as a witness at trial, another member of his firm could continue to represent the client. *Id.* The commission concluded, in accordance with Rules 3.5(b)(1) and 3.4(g)(1): "As long as another lawyer represents the client the firm may continue its representation. If the inquiring lawyer wishes to personally continue representation of the client, he may do so until such time [as] he knows, or should know, that he is likely to be called as a witness." *Id.* at 2.

Elgin and Warren seek to distinguish Opinion No. 162, asserting that "there is no indication whatsoever in Opinion 162 that the title certification work done by the inquiring attorney was germane to any of the causes of action or defenses asserted by plaintiff and defendant, respectively." Reply at 4. That the inquiring attorney doubted that his title work was germane to the trespass case was irrelevant. The critical fact (as in the instant case) was that the inquiring attorney (or his law firm) faced the prospect of wearing two hats in the same litigation as counsel and as witness.

Elgin and Warren finally argue that Opinion No. 162, which is not binding on this court, is not persuasive authority inasmuch as it fails to harmonize the apparent inconsistency between Rules 3.5(b)(1) and 3.4(g)(1)(ii). Reply at 4, 6–7. The reason the opinion fails to do so is apparent: There was nothing to harmonize.

## II.  Conclusion

For the foregoing reasons, the Motion is **DENIED**; the Kuniegels' request for sanctions, *see* Opposition at 5, likewise is **DENIED**.